# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TOBIAS CARBAJAL,<br><br>                    Plaintiff,<br><br>           v.<br><br>FRESNO POLICE DEPARTMENT, et al.,<br><br>                    Defendant. | Case No.  1:21-cv-1825-JLT-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br> (ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Jason Tobias Carbajal ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on December 29, 2021, is currently before the Court for screening.  (Doc. 1.)

**I.        Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff maybe a state inmate housed with the California Department of Corrections and Rehabilitation.[1] He names the following defendants: (1) Fresno Police Department, (2) Fresno Sheriff Department, (3) Fresno Superior Court, (4) California Youth Authority, (5) Department of Corrections and Rehabilitation ("CDCR"). Plaintiff alleges claims for mental illness, false imprisonment, torture, defamation of character, false charges, prejudice, double jeopardy sentencing and section 1983.

Plaintiff alleges two incidents against Fresno Police Department and Fresno County Sheriff's Department. In 1988, Plaintiff was accused and prosecuted for a serious crime when he was 12 years old. He was accused of injuring another 12 year old on a bus from school. During interrogation, a female police officer excluded his parents from the interrogation process and he was prosecuted for child molestation and was convicted. This conviction has carried throughout his adulthood and other charges and sentencing. In the second incident against Fresno Police Department and Fresno County Sheriff's Department, in 1999, Plaintiff had a mental breakdown

---

[1] The allegations are unclear if Plaintiff is currently incarcerated. Plaintiff states in this complaint that he is incarcerated, but his mailing address is not to a correctional institution. Plaintiff is informed that a party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. Local Rule 183(b).

2

and was arrested and beaten by Fresno Police officers and hog tied and masked.  He was left that way for 6-8 hours.

In a claim against the Fresno County Superior Court, in 1996, Plaintiff's sentence for grand theft was unlawfully enhanced by the judge.  The judge had a conflict of interest that enhanced Plaintiff's punishment using previous convictions and ignoring Plaintiff's mental health.  Plaintiff refused to attend the judge's family owned substance abuse facility and instead removed Plaintiff's credit for time served and sentenced Plaintiff to the California Youth Authority.  Plaintiff was sent to a prison that deprived Plaintiff of mental health treatment and focused on punishment and torture.

In a claim against California Youth Authority, Plaintiff was incarcerated at the N.A. Chaderjian facility.  Plaintiff was exposed to horrific and tortuous living conditions.  Almost daily, there were gang fights, murder, stabbings, sodomy, beatings and corruption.  Plaintiff's mental health deteriorated and he was never evaluated for mental health.

In a claim against California Department of Corrections, Plaintiff alleges that it has illegally used prior convictions to enhance sentences and punishment including illegal use of the three strikes law.  Plaintiff continues to struggle with mental health and access to mental health treatment.

Generally, Plaintiff complains that during the prosecution of crimes, Plaintiff's progressive deterioration of his mental health that began in childhood was never seriously examined or considered.  He has serious and prolonged childhood trauma but that was never considered even when he was prosecuted as a 12 year old child.

Plaintiff seeks compensatory damages.

**III.     Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim. As Plaintiff proceeds in pro se, he will be given an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

3

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id*.; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is short, but it lacks sufficient factual allegations to state a claim for relief.  Plaintiff's complaint relies on generalized and conclusory allegations and lacks specific factual allegations about what happened, who was involved and what each person did to violate Plaintiff's Constitutional rights.  In any amended complaint, Plaintiff must state that facts of what happened and how he was injured.

### B. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Plaintiff must name individual Defendants and allege what each Defendant did or did not do that resulted in a violation of his constitutional rights. Conclusory allegations are insufficient. Plaintiff has failed to link any individual defendant to purported constitutional violations.

///

### C. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's complaint joins claims which are unrelated. Plaintiff alleges a claim for wrongful conviction, improper interrogation, excessive force, conditions of confinement, lack of medical treatment and many other claims. These claims are not related even though they all are alleged to have happened to Plaintiff. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20. If Plaintiff continues to join unrelated claims, the Court may choose which cognizable claims may proceed.

### D.     Police and Sheriff Departments as Defendants

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)).

In this instance, Plaintiff names the Fresno Police Department and the Fresno Sheriff's Department as defendants. The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a police department is "person" under § 1983 and a proper defendant for

5

§ 1983 claims.  *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue).  Certain courts have found that a police department may be sued as a "person" under § 1983.  *See*, *e.g.*, *Estate of Pimentel v. City of Ceres*, No:1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department).

Under section 1983, however, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-91 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).  Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by the Fresno Police Department or the Fresno Sheriff's Department.

### E.  Statute of Limitations

It appears that Plaintiff's claims are time-barred by the statute of limitations.  "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted.) Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). California imposes a two-year statute of limitations for personal injury actions. Cal. Code Civ. P. § 335.1*; see also Mills v. City of Covina*, 921 F.3d 1161 (9th Cir. 2019) (applying this statute to § 1983 claims). The limitations period for § 1983 claims is thus two years. California generally tolls the limitations period on

causes of action belonging to minors until they are eighteen years old. Cal. Code. Civ. P. § 352(a); Cal. Fam. Code § 6502. This state law extends to federal claims. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980); 42 U.S.C. §1988(a).

It is apparent from the face of the complaint that the claims are barred. Plaintiff alleges that he was been wrongfully incarcerated for fourteen years. If he had been convicted at age 12, then he would be approximately 26 years old, beyond the statute of limitations, which was tolled until he was 18. Plaintiff alleges that the statute of limitations should be tolled longer because he did not discover or make the connection that his civil rights were violated until three months prior to filing the complaint. Despite this argument, it is likely the statute of limitations has run on his purported claims. The limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9thCir. 2004) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ). Nonetheless, the Court does not rule on the statute of limitations at this time.

### F.  Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override ...." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court ...." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Plaintiff cannot pursue claims for damages or injunctive relief against CDCR or California Youth Authority in this action. Here, CDCR and California Youth Authority are all state agencies that are immune from civil rights claims under section 1983.

Plaintiff cannot state a claim against Fresno County Superior Court. A superior court is a state court and is treated as a state agency or arm of the state for purposes of section 1983 claims. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Defendant Fresno County Superior Court is entitled to immunity under the Eleventh Amendment. *Bishop v. Snohomish Superior Ct.*, 569 F. App'x 497, 498 (9th Cir. 2014) (citing *Simmons*, 318 F.3d at 1161));

### G. *Heck* Bar

At its core, Plaintiff's complaint seeks damages pursuant to § 1983 based on allegations related to Plaintiff's criminal proceedings and the resulting conviction.

A § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck v Humphrey*, 512 U.S. 477, 481–482 (1994). Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–82.

### H. California Tort Claims

Plaintiff also alleges violations of California law. The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239. Plaintiff must allege compliance with the Government Claims Act.

### IV.    Conclusion

As discussed above, Plaintiff's complaint fails to comply with Rules 8, 18 and 20 and fails to state a cognizable claim for relief. Plaintiff will be granted an opportunity to amend to attempt to cure the identified deficiencies, to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff may not join unrelated claims.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

*Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

      Based on the foregoing, it is HEREBY ORDERED that:

      1.    The Clerk's Office shall send Plaintiff a complaint form;

      2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and

      3.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, consistent with the reasons discussed in this order.

IT IS SO ORDERED.

Dated:   **May 17, 2022**          /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE