# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TOBIAS CARBAJAL,<br><br>          Plaintiff,<br><br>     v.<br><br>FRESNO POLICE DEPARTMENT, et al.,<br><br>          Defendant. | Case No.  1:21-cv-1825-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br> (ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jason Tobias Carbajal ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and he was granted leave to amend. Plaintiff's first amended complaint, filed on June 15, 2022, is currently before the Court for screening.[1]  (Doc. 7.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

---

[1] In his first amended complaint, Plaintiff expresses confusion as to why a judge other than Judge Thurston is "sending things to [him]."  Plaintiff is informed that pursuant to the Appendix A to the Court's Local Rules, pro se and prisoner cases are assigned to a magistrate judge.

1

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

In the first amended complaint, Plaintiff alleges that he is not incarcerated any longer. He names the following defendants: (1) Fresno Police Department, (2) Fresno Sheriff Department, (3) Fresno Superior Court, (4) California Youth Authority, (5) Department of Corrections and Rehabilitation ("CDCR"), (6) Gene Gomez, Judge, (7) Steven Dan Majarian, former Sheriff, (8) Richard Pierce, former Sheriff, (9) Max Downs, police officer, (10) Joseph Samuels, police officer, (11) Ed Winchester, former District Attorney, (12) Jerry Dyer, former police officer, (13) Judge O'Neill, (14) David Rossi, superintendent, (15) John Sutton, former Warden Wasco State Prison, (16) Ralph Diaz, former Warden Corcoran State Prison, (17) Donna Gail Lewis, former Warden Pleasant Valley State Prison. Plaintiff alleges claims for mental illness, false imprisonment, torture, abuse, prejudice, double jeopardy, and section 1983.

Plaintiff alleges as follows. "I am proving to the court I had a mental illness as a child and

they are at fault for the torture and abuse. I asked for a jury trial and I can prove the government tortured and abused me for years and worsened my condition. I have night mares from the abuse." (ECF No. 7, p.2 (edited for spelling and punctuation).) Plaintiff alleges the government violated his rights by taking him with his mental illness and abusing him in violation of the Fifth and Fourteenth Amendments. In claim 1, Plaintiff alleges: "There are numerous (hundreds) incidents I will prove. I had mental illness and the government should have never touched me. Ever since I was 12, the government started falsely accusing me. I was abused as a child and have mental illness and its almost unbearable since the government abused me also. I struggle everyday and have nightmares." (ECF No. 7, p.3.)

In claim 2, Plaintiff alleges: "I was abused and tortured by all the government agenys [sic] I believe all my rights were violated. They took someone me (Jason T. Carbajal). I was abused as a child. Government tortured and abused me further and made my illness worse by torture and abuse false imprisonment, false charges, double jeperdy [sic], numerous law violations."

In Attachment 1 to the complaint, Plaintiff alleges further facts to support his claims. The names of the persons who are defendants are the officials who were in charge of overseeing departments, agencies, and correctional institutions at the time Plaintiff's rights were violated. Plaintiff seeks court assistance in obtaining information to identity specific persons. Plaintiff alleges that the failure that led to the violation of his civil right began with the failure to recognize Plaintiff's severe mental health condition by law enforcement, the court, California Youth Authority, and corrections. There was a complete failure to rehabilitate Plaintiff as a youth and adult offender. The core claim against defendants begins with his first arrest and detainment as a minor and through his adulte incarceration. His mental health was never evaluated even as a 12 year old. But it was discovered that he suffered from post-traumatic stress due to severe childhood trauma and continues to suffer with symptoms as a result of abuse in the criminal justice and corrections systems.

Plaintiff seeks as remedies a formal apology from the President of the United States and compensatory and punitive damages.

///

### III. Discussion

Plaintiff's first amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim. Despite being provided relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*.; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is short, but it lacks sufficient factual allegations to state a claim for relief. Plaintiff was informed that he cannot rely on generalized and conclusory allegations. The first amended complaint lacks specific factual allegations about what happened, who was involved and what each person did to violate Plaintiff's Constitutional rights. Indeed, the first amended complaint contains fewer factual allegations than the original complaint, and the Court cannot determine what happened. In addition, Plaintiff repeatedly refers to "abuse" and "torture," but fails to provide any factual support as to what happened to him and who was involved.. Plaintiff added various individual defendants, but fails to identify what they did or did not do that violated his rights. Further, Plaintiff was previously informed that the first amended complaint superseded the original complaint and that the first amended complaint must be full and complete in and of itself, yet the first amended complaint contains few facts. Plaintiff has been unable to cure the deficiency of alleging sufficient factual support to state a cognizable claim.

### B. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See*

4

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Plaintiff fails to link any defendant to any alleged wrongful conduct. Plaintiff was previously informed that to state a claim for relief under section 1983, plaintiff must link each defendant with some affirmative act or omission demonstrating a violation of Plaintiff's federal rights. Plaintiff has failed to link any of the named defendants to purported constitutional violations. Plaintiff has been unable to cure this deficiency.

**C.  Federal Rules of Civil Procedure 18 and 20**

As Plaintiff was previously informed, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's complaint joins claims which are unrelated. Plaintiff appears to alleges "hundreds" of incidents beginning when he was a juvenile to the time including his adult incarceration. These claims are not related, even though they all are alleged to have happened to Plaintiff. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20.

5

Plaintiff was informed in the Court's screening order that he may not join unrelated claims. Plaintiff has been unable to cure this deficiency.

### D. Police and Sheriff Departments as Defendants

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)).

In this instance, Plaintiff names the Fresno Police Department and the Fresno Sheriff's Department as defendants. The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a police department is "person" under § 1983 and a proper defendant for § 1983 claims. *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue). Certain courts have found that a police department may be sued as a "person" under § 1983. *See*, *e.g.*, *Estate of Pimentel v. City of Ceres*, No:1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department).

Under section 1983, however, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-91 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice

6

instituted by the Fresno Police Department or the Fresno Sheriff's Department.  Plaintiff has been unable to cure this deficiency.

### E.  Statute of Limitations

It appears that Plaintiff's claims are time-barred by the statute of limitations.  "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted.) Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). California imposes a two-year statute of limitations for personal injury actions. Cal. Code Civ. P. § 335.1*; see also Mills v. City of Covina*, 921 F.3d 1161 (9th Cir. 2019) (applying this statute to § 1983 claims). The limitations period for § 1983 claims is thus two years. California generally tolls the limitations period on causes of action belonging to minors until they are eighteen years old. Cal. Code. Civ. P. § 352(a); Cal. Fam. Code § 6502. This state law extends to federal claims. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980); 42 U.S.C. §1988(a).

In the Court's prior screening order, the Court noted that it is apparent from the face of the complaint that the claims are barred.  Plaintiff alleged that he was been wrongfully incarcerated for fourteen years. If he had been convicted at age 12, then he would be approximately 26 years old, beyond the statute of limitations, which was tolled until he was 18. The limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9thCir. 2004) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ). Nonetheless, the Court does not rule on the statute of limitations at this time.

### F.  Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against

a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override ...." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court ...." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Plaintiff cannot pursue claims for damages or injunctive relief against CDCR or California Youth Authority in this action. Here, CDCR and California Youth Authority are all state agencies that are immune from civil rights claims under section 1983.

Plaintiff cannot state a claim against Fresno County Superior Court. A superior court is a state court and is treated as a state agency or arm of the state for purposes of section 1983 claims. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Defendant Fresno County Superior Court is entitled to immunity under the Eleventh Amendment. *Bishop v. Snohomish Superior Ct.*, 569 F. App'x 497, 498 (9th Cir. 2014) (citing *Simmons*, 318 F.3d at 1161)).

### G. Judicial Immunity

Plaintiff names two judges as defendants. Claims against judges are barred by judicial immunity.

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *See id*. Judges retain their immunity even when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978), and when they are accused of acting

in error, *see Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).

### H.  *Heck* Bar

At its core, Plaintiff's complaint seeks damages pursuant to § 1983 based on allegations related to Plaintiff's criminal proceedings and the resulting conviction.

A § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck v Humphrey*, 512 U.S. 477, 481–482 (1994). Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997).  Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

### I.  California Tort Claims

Plaintiff also alleges violations of California law. The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of

action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239. Plaintiff must allege compliance with the Government Claims Act.

### IV.     Conclusion

For the reasons stated, Plaintiff's first amended complaint violates Rules 8, 18 and 20 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 16, 2022**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE